No. A-CV-30-80

September 30, 1982

## COURT OF APPEALS OF THE NAVAJO NATION

Herbert WILSON, Appellant,

vs.

Heleen E. WILSON, Appellee.

OPINION AND ORDER

Andy Smith, Esq., Chinle, Navajo Nation (Arizona) for appellee and Lawrence Long, Esq., DNA-People's Legal Services, Window Rock, Navajo Nation (Arizona) for appellant.

This case deals with when a judge should grant a request to set aside or vacate a default judgment based upon the failure of a party to file an answer as required by Rule 4 of the Rules of Civil Procedure.

The facts of this case are straightforward.

On April 23, 1980 Heleen E. Wilson filed a divorce action against her then husband, Herbert Wilson. On April 25, 1980 copies of the complaint and a summons were personally given to Mr. Wilson by an officer of the Navajo Police. An appointment sheet maintained by DNA People's Legal Services, Inc. shows that Mr. Wilson was scheduled to see Lawrence Long at 11:00 a.m. on May 2, 1980, and we can conclude the appointment was for the purpose of discussing a defense in the divorce action. On May 22, 1980 Mr. Long sent a letter to his client sending him the answer in the case and telling Mr. Wilson the answer must be filed on court by him "immediately" and before May 25, 1980. The answer was actually filed on May 28, 1980, past the deadline set in Rule 4. The answer was filed one day late.

Subsequently the matter was set for hearing, but on Sepember 3, 1980 a default judgment was granted to Mrs. Wilson.

The basic argument Mr. Wilson made in his motion to set aside the default judgment was that the answer was only filed one day late, the plaintiff had five months to bring a proper motion for default and the defendant had a meritorious defense. The court found those were not sufficient reasons to set aside the default judgment.

On appeal the defendant says there was "good cause" to set aside the default judgment under the case interpreting Rule 55(c) of the Federal Rules of Civil Procedure (which he argues is sufficiently

close to our rule to cite cases interpreting it). He says the "good cause" consisted of the fact he received the summons and complaint on April 25th and then sought help from the DNA People's Legal Services office at Window Rock and Navajo Legal Aid. Both offices told him they were closed and were not taking cases. Because he couldn't afford a private attorney and did not know what to do about the papers and, he couldn't act. He finally was able to see Mr. Long of DNA because his case was classified as an "emergency case." An answer was filed only one day late, and the default was not entered until approximately five months later, at the time of a scheduled hearing on the merits, when Wilson was present and ready to be heard.

Mrs. Wilson provided the court with documents which shed a different light on Mr. Wilson's claim. An appointment calendar shows Mr. Wilson having an appointment with Mr. Long on May 2nd, and a letter was sent to Mr. Wilson on May 22nd telling him to sign and file the complaint before May 25th. Mrs. Wilson's brief also points out the fact that different arguments were raised before us than those raised before the trial court.

We could reject the arguments now raised by Mr. Wilson because a court of appeals will not hear arguments which were not raised in the trial court, but because all the arguments on the question of whether the default should be set aside are intertwined, we will discuss them in full.

The standard for setting aside a default judgment under our Rule 12 of the Rules of Civil Procedure is not "good cause" but "sufficient grounds." There may not be a great deal of difference in those standards, but in any event our rule actually means that the judge must be satisfied that there are reasons in fact or law which cause him or her to reach a conclusion that it would be reasonable, just or fair to set aside the default judgment. In other words, the judge can use discretion in granting or denying a motion to set aside a default judgment, and unless this court finds that the judge's discretion was abused in some way, we will not second guess his or her decision.

The facts raised on appeal do not justify setting aside the default judgment. This court has a great deal of sympathy with the problems legal services programs have. The caseloads of legal services attorneys are huge, and there are pressing demands by a large number of eligible people who are being sued or who need help. The fact is that Mr. Wilson presented himself at Mr. Long's office on May 2nd. We do not know whether or not he was seen, but we do note that any good law office has a receptionist or secretary who should be able to recognize when an answer is due and make certain the prospective client is seen by an attorney before the answer date. We do know that on May 22nd Mr. Long sent a copy of the answer to Mr. Wilson to be signed and filed, and that the transmittal letter clearly advised Mr. Wilson as to what had to be done. Mr. Wilson can hardly argue ignorance of legal procedures in light of the fact he was advised what to do by his attorney. Perhaps the mail held up the papers. This court cannot help but note that it is poor practice to mail pleadings to a client for filing. The better practice is to have the client return one or two days after the interview to sign the documents and then make certain they are filed by the attorney or a staff member. In sum, this court finds that any denial of Mr. Wilson's right to be heard falls upon his own shoulders

and those of his counsel.

The argument that there was sufficient time for a motion for a default judgment to be made prior to trial is more difficult. Was the fact that the plaintiff had about five months to make her motion enough to satisfy the "sufficient grounds" standard of Rule 12? Perhaps. However the trial judge was in the better position to know the circumstances under which the default was granted and the arguments at the time of the motion to set aside, and we will not find that there was any abuse of discretion in denying the motion as it was made.

The argument was made that somehow the failure of the court to grant the motion to set aside the judgment was a denial of "fundamental fairness" and "the right to be heard" under the Indian Civil Rights Act. Those arguments are utterly without merit. "Fundamental fairness" does not preclude society and the courts from fixing reasonable rules to make certain cases are handled smoothly and efficiently. The plaintiff here had a right to fundamental fairness in that she had a right to have her complaint for a divorce heard. This means it is perfectly proper to have a cutoff date for the presentation of a defense. As we have seen, the failure to follow the rules was the defendant's fault and not that of the court. It is fundamentally fair to require that a person who does not follow the rules and asks to be excused from following them be required to give the court good reasons why they were not followed. Courts do have the authority to deny a person of his "right to be heard" because that right can properly be connected with rules which limit that right. The courts balance rights to be heard by default rules because the plaintiff has a right to be heard in good time. If a party before the court abuses the court process, (as in a failure to comply with discovery orders) there is the power to rule that that party has given up his right to be heard. In sum, particularly given the facts of his case, there is no reason the trial judge should not have enforced the plaintiff's right to be heard by way of obtaining judgment.

Notwithstanding this analysis of the case, this court will order a remand for trial upon the defendant's answer. The Court of Appeals is concerned with the fact that divorce cases are special. In the long run questions of child custody, child support and property settlement are better decided upon the free agreement of the parties or upon a full trial. In the area of child custody, a hearing in which both parents can participate will hopefully produce a harmonious decision where both parents will have free and unhampered access to children. A fair property settlement decision will have a great deal to do with harmony in child visitation and the payment of child support. Child support should, of course, be based upon what the noncustodial parent can afford to pay so that a decree will be obeyed. In sum, the full information provided to a court by all sides being heard out is a superior means of dealing with divorces, and we will reverse to assure that the decision reached is the product of full information.

On remand this court is concerned that the plaintiff should not be placed in a worse position due to our ruling. The plaintiff acted properly and should not be penalized due to the defendant's mistakes. Of particular concern to this court is the rights of the children when an appeal or district court hearing is in progress. For that reason we will condition this reversal upon the full payment of child support as ordered of any arrears or some other satisfactory means of payment of any accured child support as set by the district court.

Therefore the judgment of the district court is hereby AFFIRMED, but this case is REMANDED for a new trial upon the pleadings on file subject to the payment of child support as indicated in this opinion. If arrangements for child support are not made within 60 days, then the affirmance of the judgment of September 8, 1980 shall be final. If child support payments are made in accordance with this opinion, then a trial shall be conducted within 60 days of the date of this opinion. The court may schedule a trial and enter an order at the date of trial making its judgment final, if the child support is not paid, or it may vacate the prior judgment and proceed to trial if it is.